## MARTIN VS. HAWKINS.

An agreement in writing, under seal, by the defendant, that the title to the property in controversy is in the plaintiff, and expressing the desire that the suit be tried upon its merits without regard to error in the proceedings, so that the finding may be that it is the property of the plaintiff, so as to vest the title in him fully by the judgment of the Court, has the effect of a release of errors.

### Writ of Error to Sevier Circuit Court.

HEMPSTEAD, for the plaintiff.

WATKINS & GALLAGHER, for the defendant.

Mr. Justice COMPTON delivered the opinion of the Court.

Hawkins, the defendant in error, who was the plaintiff below, pleads in bar of the writ, alleging in substance: That on the 18th day of November, 1854, he instituted his action of replevin in the Court below, against Martin, the plaintiff in error, for the recovery of certain slaves which were then in the possession of Martin: that a writ issued in conformity to law to the sheriff,

who, in virtue thereof, seized the slaves, and delivered them to Hawkins; and that afterwards, to-wit: On the 11th day of December, 1854, Martin executed and delivered to Hawkins, his certain instrument in writing, and under seal, which, after reciting Hawkins' title to the slaves, the institution of the action of replevin, the issuance of the writ, the seizure and delivery of the slaves, in virtue thereof, to Hawkins, and that Hawkins rightfully and lawfully held possession of them, reads as follows, to-wit: "I, the said William Martin, having no wish or desire whatever to controvert the right of the said Hawkins to said slaves, and each and every of them, do hereby voluntarily admit that the said slaves are the rightful property of the said Archibald D. Hawkins, and do hereby voluntarily release him from any and all responsibility whatever, on account of the said action of replevin aforesaid, on the bond executed to me, or to the sheriff of Sevier county, by the said Archibald D. Hawkins, as principal, and Henry A. Hawkins and James S. Dollarhide, as his securities thereon, before the service of said writ, and I do hereby agree that said suit shall be tried upon its merits, without any regard or relation to any error in the writ or proceedings, either in substance or form, so as to have the finding of said slaves by the jury, or the Court sitting as a jury, to be the property of the said Archibald D. Hawkins, so as to vest the title to said slaves fully in him by the judgment of the Court; and I do hereby further promise, agree and bind myself by these presents, to acknowledge before the Circuit Court of Sevier county, Arkansas, full satisfaction of all actions, causes of action, and demands of every name, nature and description whatsoever, against the said Archibald D. Hawkins, having received of and from him full payment and satisfaction of all action, causes of action, and demand of every name, nature and description whatsoever." The plea further alleges that afterwards, to-wit: at the February term, 1855, of the Court below, Martin failing to appear and defend the action, Hawkins, pursuant to the terms of the instrument in writing, appeared in open court, and waiving damage, etc., recovered

judgment for the slaves, which is the identical judgment, to reverse which, the writ of error was sued out, etc., etc.

It is insisted on demurrer that the matters in the plea are not sufficient to bar the writ.

In the instrument pleaded, Martin acknowledged that the title to the slaves was rightfully in Hawkins, and expressed the desire that the suit then pending between them, should be tried on its acknowledged merits, without regard to error in the proceedings, in substance or form, and thus put an end to litigation.   Why?

The answer, in the language of Martin, is, " So as to have the finding of the slaves by the jury, or the Court sitting as a jury, to be the property of Hawkins—' so as to vest the title to said slaves fully in him by the judgment of the Court.'"

This is certainly inconsistent with the idea of a right reserved to sue out a writ of error to the judgment, and if not technically and in form a release of errors, it nevertheless has the same effect.   3 *Bac. Ab.* 380; *Camden vs. Edie*, 1 *H. Bl.* 21; *Executor's of Wright vs. Nutt*, 1 *T. R.* 388.

The demurrer is therefore overruled.

Absent, Mr. Justice Rector.